## DENMAN et ux. v. FARM & HOME SAVINGS & LOAN ASS'N.

### No. 1177.

Court of Civil Appeals of Texas. Waco.

May 19, 1932.

Rehearing Denied June 23, 1932.

Jenkins & Wood, of Waco, for appellants.

John Maxwell and D. Y. McDaniel, both of Waco, and Ross, Ross & Alexander, of Fort Worth, for appellee.

BARCUS, J.

The material facts in this case are without dispute. On January 2, 1929, appellants made a contract with N. L. Oates to construct a building on a lot in Waco to be occupied by them as their home, and agreed to pay therefor $3,500, for which amount they executed their mechanic's lien note payable sixty days thereafter, with a provision written in the note that at the end of said sixty days same would be renewed and extended and put into monthly payments. Immediately after said note and mechanic's lien were executed and delivered, same were by N. L. Oates transferred to the Davis Lumber Company. The original mechanic's lien as well as the transfer was immediately filed for record. Appellants made application to appellee for' funds to take up the $3,500 mechanic's lien note, which was granted, and on May 27, 1929, the day the building was completed by the contractors and accepted by appellants, they executed their note payable to appellee for $3,-500 in 120 monthly payments, and secured the payment thereof by a deed of trust on said property in which they stated that the $3,500 note was given in renewal and extension of the mechanic's lien note which they had executed to N. L. Oates on January 2, 1929, and that same had been taken up at their request by appellee, and that the note and mechanic's lien had been transferred to appellee. Appellee paid the Davis Lumber Company the $3,500, and the Davis Lumber Company in writing transferred the original mechanic's lien note and lien to appellee. In connection therewith, the Davis Lumber Company, instead of delivering the original mechanic's lien note, delivered to appellee a copy thereof, with the signatures of appellants forged thereto. Appellee thought the note was the original, and the fact that it was forged was not ascertained until several months thereafter. Immediately after appellants ex-

818

ecuted the renewal note and deed of trust to appellee, they moved into said property, and have since occupied same as their homestead. The Davis Lumber Company was thereafter adjudged a bankrupt, and its assets were sold by the trustee in bankruptcy.

Appellants made eight monthly payments on the renewal note, and, having refused to make further payments, appellee declared the entire note due and instituted this suit for the unpaid balance thereof, with a prayer for a foreclosure of its deed of trust lien and mechanic's lien.

The record is silent as to what became of the original mechanic's lien note given by appellants to Oates after it was transferred by him to Davis Lumber Company. At the time appellants executed the renewal note in May, the original note was more than two months past due. No one has requested or demanded of appellants that they pay the original mechanic's lien note, or any portion thereof, and said note at the time of trial in April, 1931, was more than two years past due. There is no suggestion in the record which even tends to show that the Davis Lumber Company at any time transferred, assigned, or delivered said original note to any person other than appellee. Appellants testified that they had not paid the original note and had not been requested by any one to pay same, and that the note which they gave to appellee in May, 1929, was given for the purpose of renewing and extending the original mechanic's lien note and making same payable in monthly installments, per the original agreement between the parties.

At the conclusion of the testimony, the trial court instructed the jury to return a verdict for appellee for the amount of its debt, together with a foreclosure of its lien, and entered judgment in accordance therewith.

Appellants have a large number of assignments of error and several propositions thereunder. Their sole contention, however, is that, since Davis Lumber Company delivered to appellee a forged note instead of the original genuine mechanic's lien note at the time it sold, assigned, and transferred the mechanic's lien and note to appellee, appellee did not obtain any interest in the original mechanic's lien note; neither did it obtain any lien on the property in question, and had no right to recover on the note which they executed to appellee in May, 1929. Appellants' contention is that although the Davis Lumber Company owned the $3,500 mechanic's lien note and received payment therefor from appellee, and by written assignment transferred both the note and mechanic's lien to appellee and appellants then executed their note for $3,500 payable to appellee in monthly installments and secured same by deed of trust on the property in renewal of the original note,

that appellee secured no rights thereunder. Clearly, as between appellants and Oates, the contractor, and the Davis Lumber Company, to whom the note was actually transferred, and appellee, who paid the money to the Davis Lumber Company, appellee was subrogated to all the rights that either Oates or the Davis Lumber Company had in and to said note and mechanic's lien. If said note was lost, destroyed, or misplaced, appellants could not defeat their liability by reason thereof. Neither would they be entitled to have their property cleared of the mechanic's lien and deed of trust lien without paying said note. At the time the renewal note and extension was given, the original note was long since past due, and no one could have thereafter become an innocent purchaser thereof for value. No transfer or assignment of the note to any one other than appellee appeared of record. No other party up to the time the cause was tried in April, 1931, had claimed to own or hold the original note. The record title to the note and the record lien were duly and legally transferred to appellee. Under the conditions and facts as above stated, appellants were not entitled to a judgment in their favor, and the trial court properly entered judgment for appellee.

The judgment of the trial court is affirmed.